5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 EMPIRE BLUE CROSS AND BLUE SHIELD, and Blue Cross and Blue
Shield Association, Plaintiffs-Appellees,
v.
The UNITED STATES, Defendant-Appellant.
 No. 93-5048.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1993.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal arises out of a contract entered into between the Secretary of Health and Human Services and the appellees on May 1, 1981, in which appellees agreed to serve as fiscal intermediary to providers of health care services operating under the medicare program in New York State. Thereafter, the parties agreed to amend the base fixed price contract. Pursuant to the amendment, the appellees agreed to administer that part of the base contract work involving the so called "Medicare Part A Program Claims." After the appellees were compensated by an equitable adjustment on eleven change orders issued as a result of the amendment, the Secretary disallowed $1,277,575 of $1,971,085 paid to appellees. The Secretary disallowed this amount, which represented the appellees' alleged labor cost for the eleven change orders, on the basis that during the period which the work was performed, the appellees incurred savings stemming from reductions in the appellees' work force. Accordingly, the Secretary demanded that the appellees refund the disallowed amount to the Health Care and Financing Administration. Appellees responded by filing suit in the United States Claims Court[1] pursuant to the Contract Disputes Act of 1978, 41 U.S.C. Sec. 609 (1982). The Government then filed a counterclaim for the disallowed amount paid to appellees, plus interest.
 
 
 2
 After the case was submitted to the Claims Court on cross motions for summary judgment, the court granted the appellees' cross-motion for summary judgment, denied the Government's motion for summary judgment, and dismissed the counterclaim. Empire Blue Cross and Blue Shield v. United States, 26 Cl.Ct. 1393 (1992). We affirm the decision of the Claims Court on the basis of its opinion of October 14, 1992. Id.
 
 
 
 [1]
 As of October 29, 1992, the United States Claims Court was renamed the "United States Court of Federal Claims." Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516 (1992)